**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathon Alan Farnham, Sr., ) | No. CV-10-2812-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| United States Department of the Army, ) | |
| Defendant. ) | |

We now have before us defendant's motion to dismiss (doc. 24), plaintiff's response (doc. 28), and defendant's reply (doc. 31).

Plaintiff is a former enlisted servicemember who was administratively discharged from service in 1978 under an "Other Than Honorable Conditions" ("OTH") characterization of service pursuant to his request for discharge in lieu of court-martial. He now challenges that characterization and the August 10, 2000 decision of the Army Board for Correction of Military Records ("Army Board"), denying his request for an upgrade of his discharge. He asks the court to grant an honorable or medical discharge instead of the OTH discharge, and correct his military records to reflect the upgraded discharge.

Defendant argues that we lack jurisdiction because the United States has not waived sovereign immunity for plaintiff's claims, and that in any event the statute of limitations bars review of the Army Board decision.

1    On October 27, 1976, while serving on active duty, the Army charged plaintiff with
2 committing sodomy upon two children and committing lewd and lascivious acts. Plaintiff
3 pled guilty and he was sentenced to a bad conduct discharge, hard labor in confinement for
4 7 years, forfeiture of all pay and allowances, and reduction to Private.

5    On February 10, 1978, the Court of Military Appeals overturned the conviction,
6 concluding that the military judge failed to make a complete inquiry into plaintiff's
7 understanding of the pretrial agreement and a rehearing was authorized. Instead of returning
8 to trial, however, plaintiff voluntarily submitted a Request for Discharge for the Good of the
9 Service, pursuant to Army Regulation 635-200, Chapter 10. Plaintiff's resignation in lieu
10 of trial by court-martial was approved and he was discharged from the Army on April 27,
11 1978, with an OTH characterization of service.

12    On March 19, 2000, plaintiff submitted an application to the Army Board requesting
13 an upgrade of his OTH discharge to Honorable as a matter of fairness and equity. The Board
14 denied this request on August 10, 2000.

15    More than eight years later, on March 9, 2009, plaintiff sent an inquiry to the Army
16 Board, requesting the forms required to file a request to upgrade his discharge. The Board
17 responded that any requests for reconsideration must have been submitted within one year
18 of the Army Board's August 2000 decision. Because his recent request was submitted well
19 outside the one-year limitations period, his request was returned without action. Plaintiff
20 filed this action more than one year later, on December 30, 2010.

21    We clearly have jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 702,
22 to review decisions by the Army Board. See Guerrero v. Stone, 970 F.2d 626, 628 (9th Cir.
23 1992). Decisions by the Army Board can be set aside if they are arbitrary, capricious or not
24 based on substantial evidence. Id.

25    Under 28 U.S.C. § 2401(a), "every action commenced against the United States shall
26 be barred unless the complaint is filed within six years after the right of action first accrues."
27 Defendant argues that we lack jurisdiction over this case because plaintiff failed to file his
28 complaint within the six-year statute of limitations.

- 2 -

1  In Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765 (9th Cir. 1997), the Ninth Circuit
2 held that, "[b]ecause the statute of limitations codified at 28 U.S.C. § 2401(a) makes no
3 mention of jurisdiction but erects only a procedural bar, [the statute] is not jurisdictional, but
4 is subject to waiver." Id. at 770 (citation omitted). We are aware that other courts have held
5 that § 2401(a) is jurisdictional, in part because of John R. Sand & Gravel Co. v. United
6 States, 552 U.S. 130, 128 S. Ct. 750 (2008) (holding that the statute of limitations in 28
7 U.S.C. § 2501 is jurisdictional). See, e.g., Georgalis v. U.S. Patent & Trademark Office, 296
8 Fed. Appx. 14, 16 (Fed. Cir. 2008); P&V Enters. v. U.S. Army Corps of Eng'rs, 516 F.3d
9 1021, 1026 (D.C. Cir. 2008); Baxter v. United States, 451 Fed. Appx. 868, 870 (11th Cir.
10 2012); Urabazo v. United States, 947 F.2d 955 (10th Cir. 1991). Moreover, a panel of the
11 Ninth Circuit has indicated that Cedars-Sinai may no longer be good law. Aloe Vera of Am.,
12 Inc. v. United States, 580 F.3d 867, 872 (9th Cir. 2009) (questioning whether Cedars-Sinai
13 "is still valid after John R. Sands"). Nevertheless, a series of recent Supreme Court cases
14 supports the conclusion that the statute of limitations in § 2401(a) is a non-jurisdictional
15 claim-processing rule. See Arbaugh v. Y&H Corp., 546 U.S. 500, 511, 126 S. Ct. 1235,
16 1242 (2006); Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1244 (2010); Henderson ex
17 rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1206 (2011). In Dunlap v. United States, No.
18 CV-11-1360-PHX-FJM, 2012 WL 510532 (D. Ariz. Feb. 16, 2012), we recently applied
19 Arbaugh, Reed Elsevier, and Shinseki to conclude that 28 U.S.C. § 2401(b) is non-
20 jurisdictional. Relying on Cedars-Sinai, and for the same reasons discussed in Dunlap, we
21 also conclude that § 2401(a) is non-jurisdictional.

22  Plaintiff acknowledges that, absent equitable tolling, his claim is barred by the statute
23 of limitations. Response at 3. He nevertheless contends that his mental incapacity requires
24 equitable tolling of the limitations period. The medical records submitted by plaintiff
25 demonstrate that on December 1, 2008, he was admitted to the Arizona Community
26 Protection and Treatment Center ("ACPTC") based on a referral for "possible sex offender
27 treatment." Response, ex. 2. During his initial psychiatric evaluation on January 5, 2009,
28 plaintiff denied any history of psychiatric treatment and the evaluating physician noted that

- 3 -

1 plaintiff had never been hospitalized or placed on psychiatric medications. Id. Plaintiff
2 denied suffering from anxiety or panic attacks, hallucinations or delusions. The examining
3 physician found plaintiff's thoughts to be clear, his thought associations unremarkable, and
4 that plaintiff was "oriented to person, place, and time." Id. The physician found plaintiff's
5 concentration to be "within normal limits," his memory "appeared to be intact," his fund of
6 knowledge was "within a normal range," and his insight and judgment "appear to be good."
7 Id. The physician concluded that "[i]t is my opinion with reasonable medical certainty that
8 this resident does not currently suffer from any severe psychiatric disorders, and does not
9 require ongoing psychiatric care at the present time while at ACPTC." Id. Plaintiff was re-
10 evaluated many times over the next two years during which these observations remained
11 consistent. Although plaintiff was found to be "mildly depressed," id., he continuously
12 exhibited "good insight and judgment," "clear thought processes," and "no obvious
13 psychiatric pathology." Id.

14 Notably, the evaluating physician repeatedly opined that plaintiff showed an
15 inclination toward self-serving reports of psychiatric symptoms for the purpose of some
16 "secondary gain." Id. The physician observed that, although plaintiff "acts as if [he] has
17 little insight, or has cognitive distortions," he "suspect[s] [plaintiff] is attempting to appear
18 that way . . . consistent with malingering of PTSD symptoms." Id. The physician stated that
19 plaintiff seemed to be "trying to prove he has bipolar disorder, and yet I doubt he has such.
20 Unclear why he wants such a designation." Id. In sum, plaintiff's medical records are
21 directly contrary to his claim that mental incapacity prevented him from complying with the
22 statute of limitations.

23 Moreover, plaintiff has aptly demonstrated his capacity to pursue his claims by virtue
24 of his frequent litigation in this court. Between 2001 and the present, plaintiff filed and
25 litigated no fewer than 8 other lawsuits in this court. See St. Laurent v. Arizona, No. CV-01-
26 0131; Farnham v. Arizona, No. CV-06-1962; Farnham v. U.S. Dept. of Educ., No. CV-11-
27 0189; Farnham v. Arizona, No. CV-11-0192; Farnham v. Brewer, No. CV-11-0610; Farnham
28 v. Cooper, No. CV-11-1094; Broadbent v. Brewer, No. CV-11-1099; Farnham v. Brewer,

- 4 -

1   No. CV-11-1520.  Accordingly, plaintiff is unable to demonstrate that he is entitled to
2   equitable tolling of the statute of limitations.  His claim is therefore barred.
3       **IT IS ORDERED GRANTING** defendant's motion to dismiss on the basis of the
4   expiration of the statute of limitations (doc. 24).  Because no amendment could resolve the
5   complaint's defect, the clerk shall enter final judgment.
6       DATED this 21st day of May, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge